UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYCOM PAYROLL, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>NIKKI READ,<br><br>                                    Defendant. | Case No.:  18-cv-2638-WQH-MDD<br><br>**ORDER ON JOINT MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**[ECF No. 19]** |

Before the Court is the Joint Motion of the parties, filed on September 16, 2019, to amend the Scheduling Order.  (ECF No. 19).  For the reasons that follow, the Joint Motion is **DENIED.**

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## RELEVANT PROCEDURAL HISTORY

Discovery was available to the parties following the Rule 26(f) conference between counsel.  *See* Fed. R. Civ. P. 26(d)(1).  The required

conference under Rule 26(f) occurred on February 21, 2019. (ECF Nos. 12, 13). The Case Management Conference took place on April 11, 2019. (ECF No. 15). The operative Scheduling Order issued on April 17, 2019. (ECF No. 16). The Scheduling Order provided that expert disclosures were to have been served no later than July 12, 2019, and rebuttal expert disclosures no later than August 16, 2019. Those dates passed without action by the parties. The discovery deadline is September 20, 2019, just 4 days after this Joint Motion was filed.

The parties seek relief of all deadlines in the Scheduling Order, including deadlines which have passed.

## DISCUSSION

The parties recognize that they must demonstrate good cause, primarily consisting of due diligence, as well as the Court's consent, to support amendment of the Scheduling Order. For good cause, the parties state that scheduling issues inhibited scheduling necessary depositions – they state that they have been unable to schedule the deposition of a key witness employed by Paycom because she has been on maternity leave since May and will not return until November – and also state that they have not been able to schedule the depositions of Paycom under Rule 30(b)(6) and "crucial third-party witnesses." (ECF No. 19 at 3).[1] Also in support of good cause, the parties state that counsel have had incompatible schedules and that counsel for Defendant currently is preparing for a month-long trial scheduled to begin in early October. (*Id.*).

Discovery has been open since late February – nearly seven months.

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

Even if the parties did not commence discovery until after the Case Management Conference, discovery has been open for five months. This is not a complex case. The Court finds that the parties have not been diligent in pursuing discovery and finds good case lacking to amend the Scheduling Order. No good cause is provided for failing to secure the depositions of Defendant's representative under Rule 30(b)(6) or the allegedly crucial third-parties. That the lawyers have been unavailable to each other due to the press of other business is not good cause. Although it is good practice for the lawyers to confer to secure dates for depositions prior to noticing them or issuing subpoenas, the case schedule cannot be held hostage to these discussions. Depositions can be noticed under Rule 30, and subpoenas issued under Rule 45, without consent of the opposing party.

Regarding the "key witness" unavailable since May because of maternity leave, the parties waited until four days before the close of discovery to seek relief. All that is said about this witness is that she was Defendant's supervisor and "is privy to many of the allegations contained in the pleadings." (ECF No. 19 at 4). Before extending the deadline for the two to three months required just to secure the testimony of this witness, the Court would need a more substantial showing of need and an explanation why this witness could not have been deposed in March or April.

## CONCLUSION

The Joint Motion to Amend the Scheduling Order is **DENIED.**

Dated: September 17, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge